IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
    vs. ) Criminal No. 04-257
) See Civil Action No. 08-165
ROBERT L. GRANT, )
)
    Defendant/petitioner. )

O R D E R

AND NOW, this 28th day of February, 2008, upon consideration of Petitioner's pro se Motion for Appointment of Counsel and Relief From Order (document No. 67) filed in the above captioned matter on February 14, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED.

In regard to Petitioner's request for relief from the Court's February 6, 2008 order, the Court notes that Petitioner has misconstrued the nature of that order and of the rule set forth in United States v. Miller, 197 F.3d 644 (3d Cir. 1999). The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive habeas petition under 28 U.S.C. § 2255 is to be dismissed, unless the Third Circuit Court of Appeals certifies that certain very specific and rare circumstances exist. Because of the AEDPA's "two strike rule," the Third Circuit, in Miller, held that petitioners must be informed that they must include in their first petition all potential claims for which they

1

might desire to seek review and relief. In other words, before a court rules on a petitioner's initial Section 2255 petition, the petitioner must be given notice that he or she can, if desired, withdraw the petition and file a new one including any additional claims that were not included in the initial filing. This is done so that the petitioner will not inadvertently fail to raise claims at the time they are to be raised.

Therefore, the <u>Miller</u> rule applies to initial petitions, and not, as Petitioner contends, merely in situations in which multiple Section 2255 motions have been filed. Petitioner is directed to review the Court's February 6 order and advise the Court how he wishes to proceed in this matter as directed in that order. As explained in this order and in the February 6 order, if Petitioner wants the Court to rule on his original petition, he will lose the ability to file successive habeas petitions absent "the most unusual of circumstances" and certification by the Third Circuit.

In regard to Petitioner's request for the appointment of counsel, the Court notes that Petitioner has failed to provide the Court with the necessary financial information which would permit the Court to determine whether his financial condition warrants the appointment of counsel in this case. Particularly in light of the fact that Petitioner has had retained counsel throughout this case, Petitioner's conclusory assertion that he is indigent is simply

2

insufficient to allow the Court to make this determination. Accordingly, this request is denied without prejudice. Once Petitioner has provided the Court with the required financial affidavit and any additional necessary information, the Court will reconsider Petitioner's request.

                               /s/ Gustave Diamond
                               United States District Judge
                               (for Judge Alan N. Bloch)

ecf:      Counsel of record

cc:       Robert L. Grant
           #08291-068
           FCI McKean
           P.O. Box 8000
           Bradford, PA  16701